## COHEN v. BLAIR et al.

District Court, E. D. Pennsylvania. September 9, 1927.

No. 3573.

Intoxicating liquors ⬩108(5)—To warrant revocation of permit, all the evidence must fairly support finding of permittee's violation of law.

While diversion of a shipment of alcohol consigned to a permittee may be made prima facie evidence that he was responsible therefor, and while his guilt need not be established beyond reasonable doubt to warrant revocation of his permit, all the evidence must be considered, and must fairly support a finding of guilt.

In Equity. Suit by Philip Cohen, trading as the Golden Ray Manufacturing Company, against David H. Blair and others, to review an order revoking a permit. Order of revocation reversed.

Benjamin M. Golder, of Philadelphia, Pa., for plaintiff.

Geo. W. Coles, U. S. Atty., and W. C. Graham, Asst. U. S. Atty., both of Philadelphia, Pa., for defendants.

DICKINSON, District Judge. The conclusion reached is that the order revoking the permit of the plaintiff should be reversed.

### Discussion.

The cause is the familiar appeal bill from the revocation of a permit. The merits of the case turn on a question of fact, but the

legal question is one of the sufficiency of the evidence to support a fact finding adverse to the appellant. The admitted fact is that there was an attempted diversion of alcohol. The diversion was while a shipment of alcohol was on its way to the plaintiff's place of business. The real question is whether the permit holder was a party to the conversion, or whether it was the independent act of the truckman, whose duty it was to make the delivery. The plaintiff most earnestly protests his innocence, and strongly complains of the injustice of being held responsible for the acts of a truckman, in whose selection he is permitted no choice, being bound to employ one of those named by the prohibition authorities. There is no affirmative evidence that the plaintiff was in any sense a party to the misdeed, which was admittedly committed.

A finding against the permit holder is based upon a more or less arbitrary (although necessary) principle of policy. One of the main leaks in alcohol distribution occurs in the course of shipments to permit holders. All which goes on at the plant is in strict conformity with law. Alcohol may, however, be shipped to a plant, but never reach · it. One method of possible detection is to follow such shipment. If it does not reach the plant, the inference of diversion is compelled. There remains, however, the at least possibility that the consignee is innocent of the diversion. To hold him so, however, is to invite frauds. In the practical administration of the permit law there is a justified prima facie inference that a shipment made to a consignee, and which, in the orderly course of business would reach him, has done so. This is nothing more than a presumption of fact, which results in merely a regulation of the burden of proof. Here we have, first, the circumstance of the absence of any evidence that the shipment came within the control of the plaintiff, other than its shipment; second, the most positive and direct negative evidence that it did not, and evidence which can be attacked only by questioning its credibility; and, third, equally positive and direct evidence that the diversion was the act of the truckman, confirmed by his indictment and conviction of the offense. The guilt of the truckman is clear, but it is true that his guilt would not of itself argue the innocence of the consignee, because they may both have been guilty. The confessing testimony of the truckman, however, for what it is worth, exculpates the consignee.

The real question is, not what the truth may be, but whether a fact finding against all the evidence (other than a prima facie inference) has support on legal principles. The appeal of the permit holder is further strengthened by the fact that a conspiracy between an employee and the truckman to divert the shipment was unearthed, or at least suspected, and the guilty parties detected in the act and prosecuted for it by the permit holder. Some special features of the case urged upon us call for comment. It is stated that the question of the adoption of a regulation making the permit holders answerable (with or without guilty knowledge) for the acts of the truckman, bonded by the prohibition authorities, has been under consideration, but thus far has not been adopted. We see no value to us in this. The case was before the court on another occasion, when application was made and allowed for a re-reference to the prohibition authorities for the purpose of taking further evidence. It was charged against the plaintiff that he had refused his attendance at such rehearing. The district attorney has frankly admitted this statement to have been inadvertently made, and has withdrawn it. The rehearing was had, but the authorities adhered to the order of revocation.

In the charge of conspiracy, the appellant and another of his employees were included among the defendants. The plea of guilt by the other defendants, and their assumption of sole accountability for what was done, made it useless to try the appellant on the criminal charge. The issue here is different. It is whether the appellant is guilty of the charge, not whether he has been proven guilty beyond all reasonable doubt. We are quite in accord with the learned district attorney on this proposition. None the less the question is still one of guilt, the finding of which must be based upon evidence. We are likewise in accord with the district attorney upon his further proposition (as already stated) that the diversion of a consigned shipment is prima facie evidence of diversion by the consignee, and if nothing else appeared would support an order of revocation of his permit. We cannot accept, however, the final proposition advanced that, unless every taint of suspicion of guilt be removed, the presumption of guilt prevails. A permit cannot lawfully be revoked, unless the fact finding of guilt be made under all the evidence. The authorities are not called upon to adduce evidence of guilt beyond all reasonable doubt, nor are permittees to be placed in a class with the wife of Cæsar.

The question to be decided is one of substantial fact, and there is no real finding

here that the permittee was guilty of diversion. All that has been found is that the attempted diversion justifies, as well founded, suspicion of the guilt of the consignee, and that he has failed to relieve himself of this suspicion. Something more than this is required. The authorities must take it upon their consciences to make, under all the evidence, a fact finding of guilt.

A decree reversing the order of revocation may be submitted.